

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

PSS:MEL
F. #2013R01666

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 15, 2013

By Email and ECF

Lisa Hoyes, Esq.
Federal Defenders of New York, Inc.
One Pierrepont Plaza, 16th Floor
Brooklyn, New York 11201

      Re:    United States v. Josue Maliza
                   Criminal Docket No. 13-628 (FB)

Dear Ms. Hoyes:

      Enclosed please find the government's discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure. The government also requests reciprocal discovery from the defendant.

I.    The Government's Discovery

    A.    Statements of the Defendant

      Statements of the defendant are reflected in a redacted Report of Investigation and handwritten notes memorializing statements that the defendant made during the search of his home on October 8, 2013, Bates numbered Maliza000001 – Maliza000004.

    B.    The Defendant's Criminal History

      The government is not aware of a criminal history for this defendant.

    C.    Documents and Tangible Objects

      The government is in possession of several items seized from the defendant's residence, pursuant to a search warrant executed on October 8, 2013, including a Hewlett-Packard laptop computer, a Toshiba laptop computer, an iPod, three DVDs and a USB device. The Hewlett-Packard laptop computer serial number CNU0402R28 contains

forensic evidence of child pornography (the "Child Pornography") images and video files. The remaining devices are still being reviewed. Redacted copies of property invoices for items vouchered by the Department of Homeland Security, Homeland Security Investigations ("HSI") are enclosed and bear bates numbers Maliza000005 – 000010.

In addition, the government is in possession of images and related information recorded by an undercover HSI agent during online sessions occurring on and between May 13, 2013 and May 19, 2013 and images and information related to certain emails sent from the defendant's email account on and between December 2, 2011 and January 24, 2012.

You may contact me to arrange a mutually convenient time to review these materials – some of which contain images of child pornography and are thus subject to the provisions of the Adam Walsh Act, Public Law 109-248.

D. Reports of Examinations and Tests

The government will provide you with copies of any additional reports of examinations or tests in this case as they become available.

E. Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

At present, the government anticipates calling an expert in computer forensics to testify, in substance, concerning the location of the Child Pornography on the devices seized from the defendant and associated computer file details. The government also anticipates calling an expert in imagery to testify, in substance, that the children depicted in the Child Pornography are real minors.

The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

F. Brady Material

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

G.  Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II.  The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

III.  Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer,"

as those terms are used in <u>Lafler v. Cooper</u>, 132 S. Ct. 1376 (2012), and <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012).

                                      Very truly yours,

                                      LORETTA E. LYNCH
                                      United States Attorney

                        By:   <u>/s/ Margaret Lee</u>
                              Margaret Lee
                              Assistant U.S. Attorney
                              (718) 254-6205

Enclosures (Maliza000001 – 000010)

cc:    Clerk of the Court (FB) (by ECF) (without enclosures)