

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

ML
F. #2013R01666

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 18, 2015

<u>By Hand Delivery and ECF</u>

The Honorable Frederic Block
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

      Re:    United States v. Josue Maliza
              <u>Criminal Docket No. 13-CR-628 (FB)</u>

Dear Judge Block:

      The government respectfully submits this letter in advance of sentencing in the above-captioned case, which is scheduled for June 19, 2015 at 4:00 pm.  For the reasons stated below, the government does not oppose a sentence below the advisory Guidelines.

I.     <u>Background</u>

      Between May 13, 2013 and May 19, 2013, an agent of the Homeland Security Investigations working in an undercover capacity (the "undercover agent") signed into peer-to-peer ("P2P") file-sharing program known as ARES.  (Presentence Investigation Report ("PSR") ¶ 6.)  Upon logging onto the ARES program, the undercover agent monitored sessions of online and downloaded activity.  <u>Id.</u>  The undercover agent took notice of an individual who was using the file sharing program to share digital files which had titles associated with child pornography.  <u>Id.</u>  Thereafter, the agent downloaded three video files containing child pornography from the defendant's computer, and captured the IP address associated with the files.  <u>Id.</u>

      A subpoena of the Time Warner Cable records later confirmed that the IP address in-question was located at the defendant's then-residence, an apartment located at

87-17 108th Street, in the Richmond Hill section of Queens, New York. Id. at ¶ 6. The Time Warner service was registered to the defendant's mother, Lorena Romo.

On September 25, 2013, a warrant to search the defendant's former residence was signed by a magistrate judge (PSR ¶ 7.) On October 8, 2013, HSI agents executed that warrant. Id. The defendant was found at home with his mother. Once informed of the purpose of the search, the defendant immediately admitted that the laptops in the home belonged to him, and that he used the ARES file sharing system to view and download child pornography onto his computer. The defendant also admitted that he used the terms "phd" and "kdv" to search for child pornography. The defendant also noted that he used his iPod to use the "Omegle" system to search for and masturbate to underage girls. Id. Upon searching the residence, HSI agents recovered two laptop computers from the residence (a Toshiba and a Hewlett-Packard), both of which contained child pornography, as well as DVDs, an iPod, and a thumb drive, on which no illegal content was recovered. Id. at ¶ 8. The defendant denied ever meeting with anyone in-person that he met online, nor engaging in sexual contact with minors. Id. at ¶ 7.

HSI conducted an analysis of the defendant's computer, wherein they found that his collection of child pornography consisted of 401 video files of child pornography. (PSR ¶ 10.) There were several duplicate video files, and he sent at least five emails containing digital images and videos of child pornography. The files were located on both the Toshiba and Hewlett-Packard laptops. Id.

On October 14, 2014, the defendant pleaded guilty before Magistrate Judge Viktor V. Pohorelsky to Count Eight of the Indictment, charging the defendant with possession of child pornography, in violation of Title 18, United States Code §§ 2252(a)(4)(B). (PSR ¶ 1.)

II.   Sentencing Guidelines Range

The United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") calculation, as set forth in the PSR, is as follows:

|  |  |  |
|---|---|---|
| Base Offense Level (§ 2G2.2(a)(1)) | | 18 |
| Plus: | The offense involved a victim who had not attained the age of 12 years (§ 2G2.2(b)(2)) | +2 |
| Plus: | The offense involved distribution of the child pornography by emails or through peer-to-peer file sharing (§ 2G2.2(b)(3)(F)) | +2 |
| Plus: | The offense involved material that portrays sadistic or masochistic conduct (§ 2G2.2(b)(4)) | +4 |

|       |                                                                                                              |      |
|-------|--------------------------------------------------------------------------------------------------------------|------|
| Plus: | The offense involved the use of a computer for the possession and distribution of the material (§ 2G2.2(b)(6)) | +2   |
| Plus: | The offense involved 600 images or more (§ 2G2.2(b)(7)(D))                                                    | +5   |
| Less: | Acceptance of Responsibility (§ 3E1.1(a)-(b))                                                                 | -3   |
|       | Total Offense Level:                                                                                          | 30   |

The total offense level is 30, which, based on a criminal history category of I, carries an advisory Guidelines range of 97 to 121 months in custody.

III.   Factors under 18 U.S.C. § 3553(a)

This Court must also consider all of the sentencing considerations set forth in Section 3553(a). Gall v. United States, 552 U.S. 38, 49 50 (2007). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

A. Nature and Circumstances of the Offense

Congress has long recognized that the sentences and sentencing ranges for offenses involving the exploitation of children should be severe. Child pornography is one of the most insidious traps confronting children in this country. Both Congress and the Supreme Court have identified the prevention of the sexual exploitation and abuse of children as a government objective of incredible importance due to the psychological and physical effects that abuse has on children and their families.

In a child pornography case such as this one, the primary victims are the children depicted in the defendant's child pornography. United States v. Shutic, 274 F.3d 1123, 1126 (7th Cir. 2001); United States v. Sherman, 268 F.3d 539, 547–48 (7th Cir. 2001). As the Sherman Court noted, "child pornography directly victimizes the children portrayed by violating their right to privacy." Sherman, 268 F.3d at 547. As the Court noted in Shutic, "children . . . suffer profound emotional repercussions from a fear of exposure, and the tension of keeping the abuse a secret . . . . concern for the welfare of the children who are used to create pornography is part of the public concern over child pornography." Shutic, 274 F.3d at 1126 (citations omitted). Moreover, the possession of images of child sexual

victimization is not a victimless crime. Courts have routinely recognized that even a "'passive' consumer who merely receives or possesses the images directly contributes to this continuing victimization." Sherman, 268 F.2d at 545 (citations omitted). "Indeed, one of the reasons for criminalizing the 'mere' possession of child pornography is to create an incentive for the possessor to destroy the material, and alleviate some of these harms to the children depicted." Id. at 547.

This is particularly salient in the defendant's case. The items of child pornography recovered from his home not only included odious images of young girls being sexually penetrated but also include a number of images depicting known victims of sexual exploitation and abuse.

### B. Other 3553(a) Factors

The consumption of the images of the rape of young children is not a victimless crime. Moreover, the sentence here must give notice that child pornography crimes have serious consequences. A sentence must convey this message to provide general deterrence, particularly to potential repeat offenders of the child pornography laws. The defendant repeatedly victimized children by consuming images of the violent rapes of these children and persisting in that conduct after both state and federal convictions. Nevertheless, given his youth and his lack of criminal history the government does not oppose a sentence below the advisory Guidelines.

### IV. Conclusion

For the foregoing reasons, the government does not oppose a sentence below the advisory Guidelines.

Respectfully Submitted,

KELLY T. CURRIE
Acting United States Attorney

By:   /s/ Margaret Lee
Margaret Lee
Assistant U.S. Attorney
(718) 254-6205

cc:   Lisa Hoyes, Esq. (by e-mail and ECF)
United States Probation Officer Mary Ann Betts (by e-mail)

4